Filed 2/23/24  P. v. Rockwell CA4/2
*See Dissenting Opinion*

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E082163 |
| v. | (Super.Ct.No. INF1600287) |
| JEREMY JAY ROCKWELL, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  Dean Benjamini, Judge. Dismissed.

Charles Thomas Anderson, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

To resolve charges filed in May 2016, defendant and appellant Jeremy Jay Rockwell pled guilty in January 2019 to seven of nine counts, as follows:  inflicting

1

corporal injury on a domestic partner (Pen. Code,[1] § 273.5, subd. (a)), with a great bodily injury enhancement (§ 12022.7, subd. (e)); assault with a deadly weapon (§ 245, subd. (a)(1)); criminal threats (§ 422); false imprisonment (§ 236); battery (§ 242); and two counts of resisting a peace officer by force or violence (§ 69). Pursuant to the negotiated plea, defendant obtained dismissal of rape and mayhem counts, and the trial court sentenced him to an aggregate term of 12 years eight months in state prison, plus a consecutive jail term of 364 days. The court imposed the minimum restitution fine of $300 (§ 1202.4, subd. (b)(1)) and separately ordered defendant to pay victim restitution ($7,081.58) to reimburse funds expended by the Victim Compensation Board (§ 1202.4, subd. (f)(4)(A)).

Four years later in July 2023, defendant, by means of correspondence mailed to the trial court, sought reduction of his restitution fine to $200 or, in the alternative, an ability-to-pay hearing, citing *People v. Duenas* (2019) 30 Cal.App.5th 1157. The court denied the request, defendant appealed, and this court appointed counsel to represent defendant on appeal.

Counsel subsequently filed a brief stating that his record review and legal research disclosed no arguable appellate issues, including after consultation with Appellate Defenders, Inc. Counsel summarized the background relevant to defendant's appeal and, while recognizing that we need not do so for postjudgment claims, requested that we independently search the record for arguable issues. (*People v. Delgadillo* (2022)

---

[1] All further statutory references are to the Penal Code.

14 Cal.5th 216, 231-232 (*Delgadillo*).) Counsel also suggested the following issue for our potential review: was defendant's postjudgment request to modify his restitution fine appealable, citing *People v. Turrin* (2009) 176 Cal.App.4th 1200. (See *id.* at p. 1208 [sentencing court generally lacks jurisdiction to modify restitution fine following execution of sentence; appeal dismissed].)

Counsel advised defendant that he could personally file a brief or letter to raise an arguable issue, as did this court by a separate notice. Defendant did not respond. For postjudgment claims, when the defendant does not file a supplemental brief, the appellate court "may dismiss the appeal as abandoned." (*Delgadillo*, *supra*, 14 Cal.5th at p. 232.) We conclude that is the proper result here.

DISPOSITION

The appeal is dismissed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

McKINSTER_____
J.

I concur:

RAPHAEL_____
J.

[*People v. Rockwell*, E082163]

RAMIREZ, P. J., Dissenting.

I respectfully dissent.  Our Supreme Court has afforded reviewing courts discretion with respect to the disposition of postconviction appeals in which appointed appellate counsel has filed a no-issues brief and defendant did not file a supplemental brief.  (*People v. Delgadillo* (2022) 14 Cal.5th 216, 232.)  I would exercise that discretion to conduct an independent review of the record.

RAMIREZ
P. J.

1